**John P. ADAMS, Appellant,**

v.

**UNITED STATES, Appellee.**

No. 4871.

District of Columbia Court of Appeals.

Argued May 26, 1969.

Decided Aug. 26, 1969.

---

**564**

————◆————

Frank D. Reeves, Washington, D. C., with whom Jack Greenberg and W. Haywood Burns, New York City, were on the brief, for appellant.

John G. Gill, Jr., Asst. U. S. Atty., with whom David G. Bress, U. S. Atty., Frank Q. Nebeker and Daniel Rarris, Asst. U. S. Attys., were on the brief, for appellee.

Before HOOD, Chief Justice, and FICKLING and KERN, Associate Judges.

HOOD, Chief Judge:

Appellant was convicted of violating the provision of D.C.Code 1967, § 22–1107 which forbids persons to congregate and assemble on a public street and crowd, obstruct, or incommode the free use of such street. We conclude that a reversal of the conviction is required by the recent decision of the United States Court of Appeals for the District of Columbia Circuit in Williams v. District of Columbia, —— U.S.App.D.C. ——, —— F.2d —— (decided June 20, 1969) reversing the decision of this court in Williams v. District of Columbia, 227 A.2d 60 (1967).

In *Williams* there had been a conviction under another provision of Section 1107 which makes it unlawful for any person to use "profane language or indecent or obscene words" in a public street. Characterizing this section of the Code as "a disorderly conduct statute which has remained virtually unchanged since 1898", the court held that "Section 1107 would require an additional element in order to be constitutional" (—— F.2d at ——), that "Section 1107 could be validly applied only if it were construed to require something more than simply the utterance of profane or obscene language in a public place" (at ——), and that "Section 1107 would not be invalid if the statutory prohibition against profane or obscene language in public were interpreted to require an additional element that the language be spoken in circumstances which threaten a breach of the peace" (at ——).

Without deciding whether the additional element could validly be added by judicial construction, the court ruled that the information was fatally defective in that it did not allege that the words were uttered "under circumstances likely to cause a breach of the peace" (at ——). Accordingly the court ruled that the 'information having failed to charge an offense, the conviction founded upon it cannot stand, and the information itself is subject to dismissal" (at ——).

In reaching its conclusion in *Williams* the court stated that the portion of Section 1107 under consideration which makes it illegal for any person "to curse, swear, or make use of any profane language or indecent or obscene words" is "on its face extraordinarily broad, so broad in fact that it would allow punishment of the hapless stonemason who, after crushing his toe, innocently utters a few relieving expletives within earshot of a public place." By like analogy the language of the portion of Section 1107 here under consideration would allow punishment of the members of a group of sightseers, tourists, or school children, who might innocently congregate and

assemble on a public street in such a manner as to crowd, obstruct, or incommode the free use of the street. Of course, we do not think for one minute that such a group would be prosecuted or that the hapless stonemason in the *Williams,* illustration would be prosecuted; but, as we read the *Williams* opinion, the mere possibility of such a prosecution makes it incumbent on the Government to allege that the act was done under circumstances which threaten a breach of the peace. The information here did not so charge and following *Williams* we hold that the information did not charge an offense and the conviction on it cannot stand.

Reversed with instructions to dismiss the information.